IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Daniel Alton Hrynczyn, | ) | C/A No.: 1:11-324-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     This appeal from a denial of social security benefits is before the court for a final order pursuant to 28 U.S.C. § 636(c), Local Civil Rule 73.01(B) (D.S.C.), and the Honorable Terry L. Wooten's February 10, 2011 order referring this matter for disposition.

     In his complaint, Plaintiff states "I can't wait 6 months for reconsideration on my SS denial." He asks this court to "Reverse[] the SSA decision and grant me S.S. benefits because I'm not capable of working right now." The complaint submitted by Plaintiff, however, contains no indication that he has administratively challenged the denial of his Social Security benefits.

     The Social Security Act provides for judicial review of adverse decisions rendered by the Social Security Administration, which was formerly a part of the Department of Health and Human Services. 42 U.S.C. § 405(g). More than three decades ago, the Supreme Court of the United States enumerated three (3) requirements for judicial review:

> Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

*Weinberger v. Salfi*, 422 U.S. 749, 763–764 (1975).

The Supreme Court noted that the second and third requirements were waivable by parties. *Id*. However, the requirement that a plaintiff receive "a final decision of the Secretary made after a hearing" is not waivable, unlike the statute of limitations and venue. 422 U.S. at 764 (emphasis added). The Court specifically held that the first requirement was mandatory:

> We interpret the first requirement, however, to be central to the requisite grant of subject matter jurisdiction—the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are "final" and "made after a hearing."

422 U.S. at 764.

The usual procedure for a claimant challenging termination or denial of Social Security benefits or seeking reinstatement of benefits is the filing of an application with the local Social Security Office. If the initial determination is not favorable to a claimant, he or she may file a Request for Reconsideration. If the determination on reconsideration is unfavorable, he or she can file a Request for Hearing by an Administrative Law Judge ("ALJ").

If a hearing is held before an ALJ, the ALJ will issue a written decision. If the ALJ's decision is not favorable to the claimant, the claimant can seek review by the Appeals Council. This is usually done by the filing of a Request for Review of Hearing Decision/Order. Once the Appeals Council has issued its decision, a claimant has sixty days to file a complaint in the United States District Court for the judicial district in which the claimant resides.

Because there is no indication that Plaintiff has availed himself of the aforementioned administrative remedies, this court lacks subject matter jurisdiction over this matter because no "final decision made after a hearing" was rendered. The court must dismiss this action pursuant to *Weinberger v. Salfi*.

IT IS SO ORDERED.

*/s/ Shiva V. Hodges*

March 2, 2011                                    Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3